### Michael O'Neill v. Margaret O'Neill.

1. SEPARATE MAINTENANCE—*Sufficiency of a Bill to Support an
Order for Temporary Alimony.*—Where a bill by a wife for separate
maintenance charges the husband with desertion, and states facts
reasonably implying a continuance of the desertion up to the filing of
the bill, and defendant does not demur, but answers denying the deser-
tion, the charge in the bill will be held sufficiently definite to support an
order for temporary alimony and solicitor's fees.

**Bill for Separate Maintenance.**—Appeal from the Circuit Court
of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding.
Heard in this court at the October term, 1900. Affirmed. Opinion
filed February 13, 1901.

HENRY W. PROUTY and WILLIAM G. WISE, attorneys for
appellant.

C. T. HEYDECKER, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.
Margaret O'Neill filed in the court below a bill against
her husband, Michael O'Neill, for separate maintenance.
He answered the bill, denying the charges against him.
She then filed a petition for temporary alimony and solic-
itor's fees. The petition declared that the allegations of
the bill of complaint were true and the affidavit to the
petition also affirmed the truth of the allegations of the
bill. The application was made upon these papers, and an
order was entered allowing complainant $3 per week, pay-

able weekly, for alimony, and $25 for her solicitor's fees, to be paid within ten days. This is an appeal by the husband from that order.

So far as the amount ordered to be paid is concerned, even the allegations of the husband in his answer would justify it, and the showing made by appellee in her bill of complaint as to the value of her husband's property and as to his annual income therefrom make the allowance moderate. The husband claims that the allegations of the bill of complaint are too vague to authorize any relief. The allegations of cruelty in the bill are stated only in the most general terms, where specific facts should have been set forth. The bill, however, charges further that in 1898 appellant deserted his wife without any cause or provocation whatever. It does not in express terms say that he continued that desertion till the time the bill was filed, but states facts from which the continuation of the desertion is reasonably implied. If defendant had demurred no doubt complainant would have amended the bill and made it more specific. We are, however, of opinion that enough is stated upon the charge of desertion to authorize the court to award temporary alimony where defendant has not questioned the sufficiency of the bill by demurrer, but has answered, denying desertion.

The order is therefore affirmed.